UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO.

Dorix Patricia Pinales  )
(A 73 641 703),         )
          Petitioner    )       **PETITION FOR**
                        )       **WRIT OF HABEAS CORPUS**
v.                      )
                        )
Denis C. Riordan, Acting)
District Director,      )
Bureau of Citizenship and)
Immigration Services,   )
and                     )
John Ashcroft, U.S. Attorney)
General,                )
          Respondents   )

Dorix Patricia Pinales (hereinafter, Petitioner), by and through her undersigned counsel, hereby respectfully petitions this honorable court for a writ of habeas corpus to remedy her unlawful detention, and to review the Board of Immigration Appeals' denial of Petitioner's Motion to Reconsider the Board of Immigration Appeals' February 6, 2003 decision.

In support of this petition, Petitioner alleges as follows:

### Custody

1. Petitioner is in the custody of Bureau of Citizenship and Immigration Services (hereinafter, BCIS) Acting District Director Denis C. Riordan. Petitioner is under the direct control of Respondents and their agents.

### JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act (INA), 8 U.S.C., sec. 1101, et seq., and the Administrative Procedure Act (APA), 5 U.S.C., sec. 701, et seq.

    This court has jurisdiction under 28 U.S.C., sec. 2241(c)(1) and (3), art. I., sec. 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C., sec. 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Henderson v. Reno, 157 F.3d 106, 122 (2nd Cir. 1998), cert. den. sub. nom., Reno v. Navas, 119 S.Ct. 1141 (1999).

> This court may grant relief pursuant to 28 U.S.C., sec. 2241, the APA, the Declaratory Judgment Act, 28 U.S.C., sec. 2201, et seq., and the All Writs Act, 28 U.S.C., sec. 1651.

3. Venue lies in the United States District Court for the District of Massachusetts, the judicial district in which the BCIS Acting District Director, Denis C. Riordan, resides. 28 U.S.C., sec. 1391(e).

**Parties**

4. Petitioner is a native of Guatemala. Respondents took Petitioner into custody subsequent to an order of removal having entered after voluntary departure was granted to Petitioner on April 3, 2001.

5. Respondent, Denis C. Riordan, is the Acting District Director of the BCIS and is Petitioner's immediate custodian.

6. Respondent, John Ashcroft, is the Attorney

General of the United States and is responsible for the administration of the Bureau of Citizenship and Immigration Services and the implementation and the enforcement of the Immigration and Naturalization Act. As such, he has ultimate custodial authority over Petitioner.

## Exhaustion of Remedies

7. Petitioner has exhausted her administrative remedies to the extent required by law, and her only remedy is by way of this judicial action.

## Statement of Facts

8. Petitioner arrived in the United States on or about November 14, 1992, at which time she entered without inspection.

9. Petitioner subsequently filed an application for asylum on or about October 28, 1994.

10. Thereafter, Petitioner was not interviewed in connection with that application until August 17, 1999.

11. Petitioner was interviewed by an asylum officer and subsequently placed into removal proceedings upon issuance of a Notice to Appear.

12. In a decision dated February 2, 2001, Immigration Judge Eliza C. Klein concluded that Petitioner has failed to establish eligibility for asylum and withholding of removal.

13. Petitioner subsequently appealed Judge Klein's February 2, 2001 decision to the Board of Immigration Appeals on March 8, 2001.

14. Thereafter, on January 3, 2002, the Board of Immigration Appeals sent a Briefing Schedule to the parties, indicating that Petitioner had until February 4, 2002 to submit a brief to the Board of Immigration Appeals in connection with this case.

15. On January 31, 2002, Petitioner, in good faith, subsequently submitted to the Board of Immigration Appeals Petitioner's Brief in Support

of Petitioner's Appeal to the Board of Immigration Appeals

16. Thereafter, in a letter to Petitioner's counsel, Jeffrey B. Rubin, Esq., dated February 5, 2002, entitled "Filing Receipt of Appeal," the Board of Immigration Appeals specifically stated that "the Board of Immigration Appeals acknowledges receipt of [Petitioner's] appeal and fee...on 03/08/2001," and that "the case appeal filed on 3/8/01 is still pending before the Board [of Immigration Appeals]."

17. In a decision dated November 27, 2002, the Board of Immigration Appeals noted that "[Petitioner's] [Notice of A]ppeal [of Judge Klein's February 2, 2001 decision] was...due on or before March 5, 2001."

18. In said decision, the Board of Immigration Appeals also concluded that "[Petitioner's] appeal is untimely [since it was filed with the Board of Immigration Appeals on March 8, 2001 instead of on or before March 5, 2001]."

19. However, in said decision, the Board of Immigration Appeals concedes that Respondent's instant counsel, Jeffrey B. Rubin, Esq., had filed a "Motion for Late Filing [of Petitioner's Notice of Appeal]," and that "in [said Motion for Late Filing], [Petitioner] states that she contacted her prior counsel's office and had difficulty reaching him."

20. The Board of Immigration Appeals further concedes that "[Petitioner's] current counsel alleges that he made attempts by mail and telephone to contact prior counsel as well to obtain a copy of [Petitioner's] file[,] but to no avail."

21. Despite said assertions by Petitioner and Petitioner's counsel, in its November 27, 2002 decision, the Board of Immigration Appeals concluded that it "did not find [the assertions by Petitioner and Petitioner's counsel] to be adequate reasons to accept [Petitioner's] appeal upon certification."

7

22. Petitioner subsequently filed a Motion to Reconsider the Board of Immigration Appeals' November 27, 2002 decision.

23. In its December 23, 2002 Motion to Reconsider, Petitioner asserted that the Board of Immigration Appeals should reconsider its November 27, 2002 decision dismissing Petitioner's appeal as untimely, under the "unique circumstances" doctrine set forth in Atiqullah v. Immigration and Naturalization Service, 39 F.3d 896 (8th Cir. 1994).

24. Specifically, Petitioner asserted that, pursuant to Atiqullah, supra, "although the time limit for filing a Notice of Appeal to the Board of Immigration Appeals is generally mandatory and jurisdictional, in unique circumstances, the appellate tribunal may have jurisdiction to hear an otherwise untimely appeal if the party appealing is misled by the words or conduct of the court."

25. In a decision dated February 6, 2003, the Board

of Immigration Appeals denied Petitioner's December 23, 2002 Motion to Reconsider, for the purported reason that "[Petitioner]...has presented no error of law or fact in the Board [of Immigration Appeals'] prior [November 27, 2002] decision."

26. However, in its February 6, 2003 decision, the Board of Immigration Appeals mischaracterized Petitioner's December 23, 2002 Motion to Reconsider as a Motion to Reopen.

27. Moreover, in its February 6, 2003 decision, the Board of Immigration Appeals failed to even address Petitioner's argument that the Board of Immigration Appeals should reconsider its November 27, 2002 decision dismissing Petitioner's appeal as untimely, under the "unique circumstances" doctrine set forth in Atiqullah, supra.

28. Thereafter, on March 6, 2003, Petitioner filed

9

with the Board of Immigration Appeals Petitioner's Motion to Reconsider the Board of Immigration Appeals' February 6, 2003 Decision.

29. In a decision dated August 26, 2003, the Board of Immigration Appeals concluded that Petitioner's March 6, 2003 Motion to Reconsider was "barred by regulation," for the purported reason that 8 C.F.R., sec. 1003.2 precludes a party from seeking reconsideration of a decision denying a previous motion to reconsider.

**Legal Background**

30. As illustrated above, Petitioner is in custody as a result of her appeal having been improperly dismissed by the Board of Immigration Appeals.

31. As a person residing in the United States, Petitioner is protected by every clause of the United States Constitution that is not expressly reserved to its citizens.
Said protection includes the Due Process Clause of the Fifth Amendment, which provides, in pertinent part, that "no person shall

be...deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V.

32. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992).

    This vital liberty interest is at stake when an individual is subject to detention by the BCIS. St. John v. McElroy, 917 F.Supp. 243, 250 (S.D.N.Y. 1996); Doherty v. Thornburgh, 943 F.2d 204, 208 (2nd Cir. 1991)(even aliens unlawfully present in the U.S. have a "substantive due process right to liberty during deportation proceedings").

33. Substantive due process requires that detention authorized for non-punitive purposes not be "excessive in relation to the regulatory goal Congress sought to achieve." United States v. Salerno, 481 U.S. 739, 747 (1987).

34. The Fifth Amendment also creates a procedural due process right to be heard at a meaningful time and in a meaningful manner, before a deprivation of liberty occurs. Matthews v. Eldridge, 424 U.S. 319, 334 (1976).

### FIRST CLAIM FOR RELIEF
### (Common Law Claim)

35. Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34 as if set fully herein.

36. The BCIS is illegally detaining Petitioner, since the Board of Immigration Appeals improperly dismissed Petitioner's appeal of the Immigration Judge's February 2, 2001 decision. See Atiqullah, supra.

### SECOND CLAIM FOR RELIEF
### (Due Process Violation)

37. Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36 as if set fully herein.

38. The BCIS has violated Petitioner's right to

substantive and procedural due process by requiring her mandatory detention in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this honorable court grant the following relief:

(1) Grant the writ of habeas corpus;

(2) Issue an order enjoining Respondents from continuing to detain Petitioner and ordering Respondents to conduct a prompt custody hearing;

(3) Declare that, by detaining Petitioner, Respondents have violated the Fifth Amendment of the United States Constitution, and that aliens who like Petitioner pose neither a danger to society nor a risk of flight are entitled to a prompt, individualized bond hearing;

(4) Declare that the Board of Immigration Appeals improperly denied Petitioner's appeal, and issue an Order compelling the Board of Immigration Appeals to allow Petitioner's appeal to go forward;

(5) Award to Petitioner reasonable costs and attorneys' fees; and

13

(6) Grant any other relief that this honorable court deems just and proper.

Respectfully Submitted,
Patricia Pinales,
Petitioner,
By her attorney,

Dated: 03/30/04

Jeffrey B. Rubin, Esq.
BBO#: 640964
Law Offices of Jeffrey B. Rubin, P.C.
One Center Plaza
Suite 230
Boston, MA  02108