UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DORIX PATRICIA PINALES,          )
          Petitioner,              )
                                 )
v.                               ) C.A. No. 04-10646-RCL
                                 )
DENIS C. RIORDAN, et al.,        )
          Respondents.             )

MEMORANDUM AND ORDER

For the reasons stated below, the petitioner is directed to demonstrate good cause why this action should not be dismissed.

BACKGROUND

On April 2, 2004, counsel for petitioner Dorix Patricia Pinales filed a petition for a writ of habeas corpus. Pinales, a native of Guatemala, claims that she entered the United States without inspection in November 1992 and that she filed an application for asylum in October 1994. Petition ¶¶ 8-9. On February 2, 2001, Pinales' asylum application was denied, and on March 8, 2001, counsel for Pinales appealed the denial to the Board of Immigration Appeals ("BIA") with a motion requesting that the appeal be accepted late because petitioner and her current counsel had experienced difficulty in contacting previous counsel. Id. at ¶¶ 12-13, 19-20. In November 2002, the BIA dismissed the appeal as untimely, finding that petitioner and counsel's assertions about the late filing were inadequate, even though Pinales claims that before issuing that order, the BIA issued a briefing schedule and indicated that the appeal was pending. Id. at ¶¶ 13-21. Petitioner then filed a motion with the BIA to reconsider the November 2002 decision, which the BIA denied in February 2003. Id. at ¶¶ 22-25. Pinales claims that the BIA called her motion to reconsider a motion to re-open in its February 2003

denial, and then proceeded to deny her subsequent motion to reconsider because applicable federal regulations preclude parties from filing a motion to reconsider a previous motion to reconsider. Id. at ¶¶ 26-29. Pinales does not allege that she appealed any of the BIA decisions to the First Circuit, and the gravamen of the petition appears to be that Pixales' substantive due process rights have been violated by these events and that she is being "illegally detained." Id. at ¶¶ 35-38.

ANALYSIS

I. Pinales Has Not Paid the Filing Fee or Sought a Waiver of It

A party filing a petition for a writ of habeas corpus in this Court must either (1) pay the $5 filing fee for habeas actions or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee. Because Pinales has not submitted the $5 filing fee or an application to proceed without prepayment of the filing fee, she will be granted additional time to do so.

II. The Court May Screen The Petition

Although Pinales brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the

face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994)

      III.   The Petition Does Not State A Basis for Subject-Matter Jurisdiction

Federal courts are always under an independent obligation to examine their own jurisdiction, and must not entertain a habeas petition over which it has no jurisdiction.  See Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)).  A Section 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian because a writ of habeas corpus must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243; Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord Gonzalez, 150 F. Supp. 2d at 240.  Personal jurisdiction over a custodian requires "the presence of the custodian within the territorial confines of the district court."  United States v. DiRusso, 535 F.2d 673, 676 (1st Cir. 1976).  In this circuit, the Attorney General of the United States is not considered to be a proper respondent to an immigration habeas petition because although he is likely subject to the personal jurisdiction of the district court, the Attorney General is not an immigration detainee's custodian

because he does not have "day-to-day" control over the detainee.  Vasquez, 233 F.3d at 691-694.

Here, the petition provides no allegations of where Pinales is currently located nor does it state if she is currently being physically detained.  Although a habeas petitioner may be deemed to be "in custody" in certain circumstances when not in actual physical custody, see, e.g., Omosefunmi v. Attorney General of Com. of Massachusetts, 152 F. Supp. 2d 42, 53 (D. Mass. 2001) (petitioner, living at home, was "in custody" where INS was "actively attempting" to deport petitioner), the petition contains no allegations indicating that such circumstances exist..  It also lists Attorney General John Ashcroft as Pinales' custodian, which is clearly improper under Vasquez.  Finally, even assuming that Pinales is not being physically detained in a jail or other detention facility so that a warden may be named as her custodian, the petition lists the current acting district director for the Bureau of Citizenship and Immigration Services as a respondent, yet the responsibility for detaining and removing immigration detainees currently resides with the Bureau of Immigration and Customs Enforcement ("BICE").  See Nma v. Ridge, 286 F. Supp. 2d 469, 470 n. 1 (E.D.Pa. 2003) (BICE, a subordinate agency within the Department of Homeland Security has assumed the enforcement functions of the former INS). Thus, given the limited allegations of the petition, this Court cannot determine whether it has jurisdiction over the petition.

IV.  The Petition Does Not State the Length of Time the Petitioner Has Been Confined

To the extent that Pinales is attempting to state a claim about the length of her "detention" and seeks an order of release, she does not allege if and how long she has currently been confined, whether or not her removal is imminent, and the basis for her current detention.

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Id. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." Id. at 699-700.

Under this formulation, an alien being held pursuant to Section 1231(a)(6) cannot assert a Zadvydas due process claim if he has been detained for less than six-months. See Hodel v. Aguirre, 260 F. Supp. 2d 695, 699 (N.D. Ill..2003) (Zadvydas not implicated where criminal alien held less than 6-months). Similarly, where removal is imminent, due process is not implicated and an alien also has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003).

As discussed above, Pinales does not state the basis for her current detention. If she falls into any of the classes of aliens outlined in Section 1231(a)(6), she has not alleged that she has been

5

detained longer than 6-months and that removal is not "reasonably foreseeable." Even assuming that she does not fall into any of the classes of aliens that may be detained during the post-removal period pursuant to Section 1231(a)(6), the petition contains no allegations sufficient to determine how long she has been detained.

V. District Courts May Not Review the Substance of BIA Decisions

This Court has jurisdiction to review habeas corpus petitions from immigration detainees raising constitutional and statutory claims, Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998) (pure issues of law may be raised in habeas), but only the courts of appeals have jurisdiction to directly review the merits of a BIA decision. See 8 U.S.C. § 1252(b)(9) (judicial review of all questions of law and fact arising from removal proceedings shall be available only in judicial review of a final order); Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) ("zipper clause of § 1252(b)(9) channels review of removal proceedings exclusively in the court of appeals).

Thus, a district court may review a refusal by BICE to even consider an alien for a form of statutory relief, but an alien may not challenge the agency's decision to exercise or not exercise its discretion to grant relief through a habeas petition. St. Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003). Here, petitioner appears to seek review of the BIA's discretionary decisions (1) denying her motion for late filing of her appeal to the BIA; (2) dismissing the appeal as untimely; and (3) denying her subsequent motion for reconsideration. Such substantive review is not within the purview of habeas jurisdiction. Lopez v. Ashcroft, 267 F. Supp. 2d 150, 153 (D. Mass. 2003) (no habeas review of denial of motion to reopen); cf. Zhang v. INS, 348 F.3d 289, 292-293 (1st Cir. 2003) (court of

appeals reviews denials of motions to reconsider and reopen for abuse of discretion).

## CONCLUSION

ACCORDINGLY, petitioner is directed to (1) pay the filing fee or submit an application for waiver of the filing fee within 35 days of the date of this Memorandum and Order, and (2) demonstrate good cause, within 35 days of the date of this Memorandum and Order why this action should not dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this ___6th___ day of ___April___, 2004.

                                                  s/ Reginald C. Lindsay  
                                                  REGINALD C. LINDSAY  
                                                  UNITED STATES DISTRICT JUDGE