UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO. 1:04-CV-10646

| | |
|---|---|
| Dorix Patricia Pinales<br>(A 73 641 703),<br>       Petitioner<br><br>v.<br><br>Denis C. Riordan, Acting<br>District Director,<br>Bureau of Citizenship and<br>Immigration Services,<br>and<br>John Ashcroft, U.S. Attorney<br>General,<br>       Respondents | **PETITIONER'S SHOW CAUSE RESPONSE INDICATING WHY PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED**<br><br>FILING FEE PAID:<br>RECEIPT # 55295<br>AMOUNT $ 5.00<br>BY DPTY CLK<br>DATE 5/11/04 |

**Introduction**

Petitioner's, Dorix Patricia Pinales (hereinafter, Petitioner) counsel, Jeffrey B. Rubin, Esq., submits this Show Cause Response pursuant to the Order of the Court contained in the Court's Notice of Electronic Filing, entered on April 6, 2004 at 12:42 P.M. E.D.T., and pursuant to the Order of the Court contained in the Court's Notice of Electronic Filing, entered on April 6, 2004 at 12:45 P.M. E.D.T.[1]

---

[1] In its April 6, 2004 Notice of Electronic Filing, entered on 4/6/04 at 12:42 P.M. E.D.T., the Court indicated that Petitioner has until May 11, 2004, or 35 days from

**Facts**

Petitioner's Petition for Writ of Habeas Corpus was filed with the Court on March 31, 2004.

However, at the time of filing said Petition, Petitioner's counsel inadvertently neglected to submit to the Court the filing fee in connection with said filing.[2]

Thereafter, on April 6, 2004, the Court sent to Petitioner's counsel the two (2) above-mentioned Notices of Electronic Filing, ordering Petitioner to pay the filing fee and to submit Petitioner's instant Show Cause Response, to "demonstrate good cause why this action should not be dismissed." (See Notice of Electronic Filing regarding transaction received from Weissman, Linn entered on 4/6/04 at 12:42 P.M. E.D.T., supra; See, also, Notice of Electronic Filing regarding transaction received from Weissman, Linn entered on 4/6/04 at 12:45 P.M. E.D.T.).

---

April 6, 2004, within which to pay the filing fee and to "demonstrate good cause why this action should not be dismissed." (See Notice of Electronic Filing regarding transaction received from Weissman, Linn entered on 4/6/04 at 12:42 P.M. E.D.T.).

In a subsequent April 6, 2004 Notice of Electronic Filing, entered on 4/6/04 at 12:45 P.M. E.D.T., the Court indicated that Petitioner's "Show Cause Response [is] due by 5/11/04." (See Notice of Electronic Filing regarding transaction received from Weissman, Linn entered on 4/6/04 at 12:45 P.M. E.D.T.).

[2]   Said filing fee is being submitted to the Court herewith, pursuant to the Court's above-mentioned April 6, 2004 Order.

For the reasons mentioned below, Petitioner contends that Petitioner's Petition for Writ of Habeas Corpus should not be dismissed.

## Analysis

For purposes of filing a petition for writ of habeas corpus, the court clerk must receive the petition, and the clerk must either receive the filing fee or an order granting leave to proceed in forma pauperis. Norlander v. Plasky, 964 F.Supp. 39 (D.Mass. 1997).

However, the requirement that a habeas petitioner pay a filing fee is not jurisdictional. Monahan v. Winn, 2003 WL 21940908 (D.Mass. 2003), citing 28 U.S.C.A., sec. 2241; See, also, Casanova v. DUBOIS, 304 F.3d 75 (1st Cir. 2002)(the advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit).[3]

Thus, Petitioner's Petition for Writ of Habeas Corpus should not be denied based upon Petitioner's failure to submit the above-mentioned filing fee.

Moreover, as evidenced by the arguments set forth in Petitioner's Petition for Writ of Habeas Corpus, said

---

[3] In the case at bar, as stated above, Petitioner's counsel inadvertently failed to include the filing fee in connection with the filing of Petitioner's Petition for Writ of Habeas Corpus.

As further stated above, Petitioner's counsel is filing said fee with the Court herewith, pursuant to the Court's Order of April 6, 2004.

3

Petition is not frivolous and has a likelihood of success on the merits. (<u>See</u> attached Exhibit A: Petitioner's Petition for Writ of Habeas Corpus).

Thus, for the foregoing reasons, Petitioner has "demonstrated good cause why this action should not be dismissed."

### Conclusion

Based upon all of the foregoing, Petitioner respectfully requests that this honorable court allow Petitioner's Petition for Writ of Habeas Corpus to go forward.

Respectfully Submitted,
Dorix Patricia Pinales,
Petitioner,
By her attorney,

Dated: 05/11/04

Jeffrey B. Rubin, Esq.
BBO#: 640964
Law Offices of Jeffrey B. Rubin, P.C.
One Center Plaza
Suite 230
Boston, MA 02108
(617) 367-0077

4