UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DORIX PATRICIA PINALES,<br>    Petitioner, | )<br>)<br>) |
| v. | ) C.A. No. 04-10646-RCL<br>) |
| DENIS C. RIORDAN, et al.,<br>    Respondents. | )<br>)<br>) |

ORDER

On April 2, 2004, counsel for petitioner Dorix Patricia Pinales filed a petition for a writ of habeas corpus claiming that her substantive due process rights had been violated and stating that she was being "illegally detained." Counsel did not submit the $5 filing fee. A few days later, on April 6, 2004, in a six-page Memorandum and Order, I directed petitioner (1) to pay the filing fee or seek a waiver of it and (2) to demonstrate good cause, in writing, why the action should not be dismissed. The Memorandum and Order stated that it was not clear whether the Court had subject-matter jurisdiction over the petition because it did not indicate whether and where the petitioner was being detained and did not state the length of petitioner's alleged detention. It also stated that the Court would not have jurisdiction over the petition to the extent it sought review over the substance of any BIA decision.

The Memorandum and Order was docketed by a deputy clerk using this Court's electronic filing system, which is referred to by its acronym CM/ECF (Case Management/Electronic Case Files). See General Order Re: Electronic Case Filing (stating that as of September 3, 2003, all cases filed within this district are eligible for electronic case filing). Attorneys who are registered with this system, such as counsel for petitioner, receive electronic notice of the filing of documents and may select a hyper-link on the electronic notice which allows them to view the filed document. See CM/ECF User's

Manual, p. 27-28.

On May 11, 2004, counsel for petitioner filed a show cause response stating only that counsel had now submitted the $5 filing fee for the action and arguing that the filing fee was not jurisdictional. Response, p. 2-4. The Response did not address the issues raised in the April 6, 2004 Memorandum and Order and referred only to the docket entry for the order rather than the substance of the Memorandum and Order itself.

Based on the Response filed by petitioner, it appears that counsel for petitioner may not have accessed and reviewed the Court's April 6, 2004 Memorandum and Order. Therefore, the Court will grant petitioner an additional 14 days to demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated in the April 6, 2004 Memorandum and Order within 14 days of the date of this Order. Any Response filed by petitioner must address the points raised in that Memorandum and Order.

The Clerk is directed to manually send counsel for petitioner a copy of this order and the April 6, 2004 Memorandum and Order.

Counsel for petitioner is directed to review both the Electronic Case Filing Administrative Procedures Manual as well as the Application Manual for CM/ECF Filing and is advised to seek further training in the use of the Court's CM/ECF system if necessary.

SO ORDERED.

Dated at Boston, Massachusetts, this ___20th___ day of May, 2004.

                                         /s Reginald C. Lindsay
                                         REGINALD C. LINDSAY
                                         UNITED STATES DISTRICT JUDGE