UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DORIX PATRICIA PINALES,            )<br>　　　　　　Petitioner,       )<br>                                                      )<br>v.                                                     ) C.A. No. 04-10646-RCL<br>                                                      )<br>DENIS C. RIORDAN, et al.,          )<br>　　　　　　Respondents.    ) | |

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

On May 20, 2004, I allowed counsel for petitioner Dorix Patricia Pinales a second opportunity to demonstrate good cause why this action should not be dismissed. As discussed in that order and my initial order dated April 6, 2004, it was not clear from the face of the petition whether the Court had subject-matter jurisdiction because there was no indication whether and where the petitioner was being detained ; nor was it clear how long the petitioner may have been detained. Further, to the extent that the petitioner sought review over the substance of any BIA decision, this Court would also lack subject-matter jurisdiction.

A response demonstrating good cause was due on or before June 3, 2004. On or about June 17, counsel for petitioner filed a one-page letter stating "Please be advised that Ms. Pinales is not in custody, however, because of her prior deportation, she may be considered in constructive custody." The letter contains no case citations to support this proposition; nor does counsel provide an explanation why the "response" was filed late.

## ANALYSIS

I. The Response Will Be Considered Despite Being Untimely

A response demonstrating good cause why this action should not be dismissed was due on or before June 3, 2004. Yet counsel for petitioner filed a "response" approximately two weeks after that date with no explanation of why it had not been timely filed. Because this action has not been ordered served and thus there is no respondent who could be prejudiced, I will consider the untimely response. Petitioner Pinales also should not be penalized for her counsel's failure to comply with this Court's orders.[1]

II. The Court Lacks Subject-Matter Jurisdiction
Because Pinales Is Not "In Custody" For Purposes of Section 2241

Under Section 2241, a district court may consider a habeas petition from a person who is "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). A petitioner must be "in custody" at the time the petition is filed, Carafas v. LaValee, 391 U.S. 234, 238 (1968); Patel v. Attorney General, 334 F.3d 1259, 1264 (11th Cir. 2003) (citation omitted) (custody determined as of the time of the filing of the petition), and the requirement is jurisdictional. Jones v. Cunningham, 371 U.S. 236, 238 (1963); accord Miranda v. Reno, 238 F.3d 1156, 1158 (9th Cir. 2001) (citation omitted); see Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam) ("in custody" requirement has never been extended to the situation where a habeas petitioner suffers no present restraint from a conviction).

Aliens who have been removed from the United States at the time of the filing of a petition are not "in

---

[1] Counsel's failure to substantively address the issues raised in the Court's orders of April 6 and May 20 as well as his untimely filing of a "response" could well form the basis for sanctions. Counsel is advised that any future failure to comply with the letter and spirit of this Court's orders will not be treated lightly.

custody" for purposes of determining habeas jurisdiction.  Patel, 334 F.3d at 1264 (citation omitted) (no custody over alien residing in India, United States was in no position to restrain his liberty); accord Miranda, 238 F.3d at 1159 (same).[2]   Therefore, because petitioner Pinales had been removed at the time of the filing of this petition, this Court lacks subject-matter jurisdiction over this action and it must be dismissed.  Patel, 334 F.3d at 1264 (dismissing); accord Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001) (dismissing); Chavez v. Superior Court, 194 F. Supp. 2d 1037, 1039 (C.D. Ca. 2002) (same); Macais v. Greene, 28 F. Supp.2d 635, 638 (D. Co. 1998) (same); Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)) (federal courts are always under an independent obligation to examine their own jurisdiction and must not entertain a habeas petition over which it has no jurisdiction.) .

## CONCLUSION

ACCORDINGLY, for the reasons stated above, this action is dismissed for lack of subject-matter jurisdiction.

SO ORDERED.

Dated at Boston, Massachusetts, this   19th    day of   July            , 2004.

                                                s/ Reginald C. Lindsay
                                                REGINALD C. LINDSAY
                                                UNITED STATES DISTRICT JUDGE

---

[2] In contrast, the "in custody" requirement is satisfied if an alien is "in custody" at the time of the filing of a habeas petition and is subsequently removed.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) (habeas petitioner's release from prison after petition had been filed did not cause petition to become moot on theory that it no longer satisfied the "in custody" requirement); accord Leitao v. Reno, 311 F.3d 453, 455-456 (1st Cir. 2002) (removal of petitioner after petition was filed did not moot petition).